**Mildred E. CLOSE, Plaintiff-Respondent,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, a Corporation, Defendant-Appellant.**

**No. 25064.**

Kansas City Court of Appeals, Missouri.

April 6, 1970.

Motion for Rehearing and/or Transfer to the Supreme Court Denied June 1, 1970.

Application to Transfer Denied July 13, 1970.

John Kitchin, Swanson, Midgley, Jones, Eager & Gangwere, Kansas City, for appellant.

Richard A. Erickson, Erickson, Ewing, Boyle & Gibson, Kansas City, for respondent.

SPERRY, Commissioner.

This case comes to the writer on reassignment. It was tried to the court, without a jury, on December 6th, 1967. Judgment was for plaintiff in the sum of $3,-811.25, with interest at 6 percent. Defendant appeals.

This suit is not on an insurance policy but is based on accord and satisfaction, waiver and estoppel. On July 2d, 1941, Philip J. Close, deceased, applied for and defendant issued to him its life insurance policy in the face amount of $5,000.00. Deceased paid premiums thereon for eighteen years, until the October 2d, 1959, premium fell due. The policy was in full force and effect from date of issue until that date.

The above facts are not in dispute. But, in 1959, deceased had the policy pledged for a loan at the Columbia National Bank. (The policy was then in full force and effect). Defendant's evidence is to the effect that deceased applied for a loan from defendant, which loan was used to retire the Columbia loan; that, a short time later, he withdrew from the reserves on the policy the sum of $296.21, which constituted the entire reserve prior thereto. There would have been sufficient reserve due deceased to have kept the policy in force up until the date of Mr. Close's death, November 4th, 1963. Defendant contends that, due to the withdrawal of such reserves, there was not sufficient reserves available to pay policy premiums until date of his

death. It is on this ground that defendant now denies liability.

Mrs. Close, widow of deceased insured and plaintiff here, testified in her own behalf. She stated that she learned that deceased had an insurance policy issued to him by defendant; that she was unable to find the policy after his death; that she received a letter from defendant inclosing proofs of loss and a request that they be executed; that she furnished proof of death; that she had not requested defendant to send proofs of loss forms; that she contacted her attorney and forwarded proof of loss and certificate of death to defendant; that she also furnished affidavit of lost policy; that she received a "Claim Settlement Certificate" from defendant, dated November 4th, 1963, showing $3,811.-25 to be the amount of money to be paid to plaintiff beneficiary in accordance with provisions of the modes of settlement for claims as shown in the policy; that, thereafter, in January 1964, she received an interest check for $37.00, pursuant to provisions of the claim settlement certificate; that she cashed the interest check and now retains the proceeds thereof.

The evidence showed that, thereafter, at plaintiff's request, defendant agreed to pay and discharge the obligation of the claim settlement certificate for a lump sum of $3,826.30 and plaintiff's attorney received a check therefor dated March 10th, 1964; that, thereafter, defendant's Houston office was notified by its valuation division in its Newark office that the policy had lapsed as of October 2d, 1959 and that all extended term insurance had expired in 1960. Based on the above evidence it is defendant's position that nothing was due on the policy at the time of the death of Mr. Close in 1963.

Plaintiff's attorney received notice that defendant denied any liability to plaintiff on the policy and requested return of the check. Plaintiff's attorney returned defendant's check of $3,826.30 with reservation that such action would not adversely

affect plaintiff's legal rights under her claim.

Plaintiff testified to the effect that when she received a letter from defendant stating that it would immediately pay her a lump sum of $3,826.30 in full settlement of her claim under the certificate of settlement, in lieu of installments beginning in 1969, she believed it would do so; that she acted upon such belief by committing herself to pay the University of Kansas certain school expenses on behalf of her daughter; agreed to pay off. an F.H.A. loan of $1,200.00 with the proceeds of this check; that she wrote to Stanford University that she would make payments on its bill for school expenses of another daughter; that she promised to pay certain other accounts but, because of defendant's action, was unable to do so and that she was sued therefor.

She stated that when the transaction occurred she did not have the original policy or copy thereof. Defendant wrote plaintiff that there was a $5,000.00 policy in force, that when defendant said the amount due was $3,826.30 she assumed this was correct and agreed to accept that amount.

Defendant offered the testimony of an employee in its Kansas City office, and some evidence of a documentary character.

The court found that plaintiff, in good faith, made claim for the face of the policy, $5,000.00, plus an additional $5,000.00 payable for accidental death of deceased; that defendant had possession of all records on the policy and advised plaintiff that the policy had lapsed but was in force as extended insurance in the amount of $3,811.25; that plaintiff had the right to contest defendant's claim: (1) that the policy had lapsed; (2) that the amount payable was less than $5,000.00; (3) that she was not entitled to receive the additional $5,000.00 as double indemnity; that she gave up these claims, which she had a right to assert; that she compromised by accepting defendant's offer to issue to her its settlement certificate; she received (and cashed) defendant's interest check issued pursuant to the terms of the certificate; that, as a result thereof, neither party could repudiate it, absent fraud; that defendant is bound to have had full knowledge of the contents of its own records and may not claim ignorance thereof; that the subsequent agreement that the amount due under the settlement certificate should be paid in cash is equally binding on both parties; that, thereby, plaintiff agreed to surrender her right to collect interest and payments on the certificate and defendant obtained the right to accelerate the payments and be relieved of future interest payments.

The court denied plaintiff's prayer for penalty and attorney's fees because the action is not one on an insurance policy, and gave judgment for plaintiff in the sum of $3,811.25, plus interest.

We find that the facts, as found by the court, are substantiated by the evidence of record and that the judgment is for the right party and in the correct amount.

Defendant's sole contention here is that the court erred in rendering the judgment because the stipulation of facts filed herein, the request for admissions, the testimony of plaintiff and the undisputed facts all demonstrate that there was no insurance in force on the life of deceased on the date of his death and that neither the settlement certificate nor the check in final settlement were supported by valid consideration.

Plaintiff's theory is, primarily, that there was an accord and satisfaction. The court stated that there was a compromise based on substantial mutual considerations. We agree with the court.

However, it has been indicated by this court, speaking through our learned brother Cross, J., in a footnote to Weinberg v. Globe Indemnity Company, Mo.App., 355 S.W.2d 341, 348, that there is no distinction to be made between the doctrine of accord and satisfaction and that of compromise. We adhere to that theory.

We hold that the trial court properly construed the facts here to establish a compromise between the parties. That agreement is binding, absent fraud, of which there is no evidence in this case.

We could extend our opinion by discussing the similarity of facts in this case to those in Weinberg; but we think it would be unproductive.

In Duncan v. Black, Springfield App., 324 S.W.2d 483, 486–487, the court said:

" * * * [3, 4] The law favors compromise of doubtful claims, and forbearance may be a sufficient consideration for such compromise, even though the claim upon which it is based should develop to be ill-founded. The fact that, had the parties proceeded to litigate the claim, one of them would certainly have won, does not destroy the consideration for the compromise, for the consideration is said to be the settlement of the dispute. But there are certain essentials to the validity of such consideration. For one thing, and by all authority, the claim upon which the settlement is based must be one made in good faith. Of that there is no dispute in this case. Secondly, the claim must have *some* foundation. As to this second consideration we find the courts using varying language. The claim cannot be 'utterly baseless.' It has been said that it must have a 'tenable ground' or a 'reasonably, tenable ground.' * * * or on some 'legal foundation'. It must have at least an appearance of right sufficient to raise a 'possible doubt' in favor of the party asserting it. This is the Missouri rule.

\* \* \* \* \* \*

But if we should make further effort to distinguish we would say that if the claimant, *in good faith,* makes a mountain out of a mole hill the claim is 'doubtful.' But if there is no discernible mole hill in the beginning, then the claim has no substance. * * * ".

We hold that the facts and circumstances herein amount to a "mole hill" and that plaintiff believed that she had a valid claim against defendant.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

HOWARD, P. J., CROSS, J., and COOK, Special Judge, concur.

SHANGLER, J., not sitting as not a member of this court at the time this case was heard.